IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STANLEY J. SEGAL					:
       Plaintiff,

   v.							:		CIVIL ACTION
									NO. 12-3663
ELIEZER FRIEDMAN and
NAFTALI WEINBERGER				:
       Defendants.

**MEMORANDUM**

**Jones, II    J.**							December 12, 2016

**I.	Introduction**

Plaintiff Stanley J. Segal filed the instant action based on a Consulting Agreement he had with Defendants. This Court initially referred the matter back to Bankruptcy Court for a determination as to whether the Consulting Agreement was properly reported to and considered by the Trustee ("Trustee") in the prior bankruptcy proceeding.  Ultimately concluding that the Bankruptcy Trustee had "sufficient information" on the Consulting Agreement and had "appropriately dealt with" same, the Bankruptcy Court transferred the instant action back to this Court. *Holber v. Segal (In re Segal)*, 510 B.R. 753, 765 (Bankr. E.D. Pa. 2014). Since that time, there have been additional proceedings and filings, both here and in Bankruptcy Court.  For the reasons set forth below, this Court shall refer the instant action back to Bankruptcy Court pursuant to 28 U.S.C. § 157.

**II.     Background**

On August 13, 2010, Plaintiff filed a Chapter 7 voluntary petition for bankruptcy with the United States Bankruptcy Court for the Eastern District of Pennsylvania.  *See In re Segal*, No. 10-16822 (Bankr. E.D. Pa. 2010).  On June 26, 2012, an Order of Discharge was entered by said Court. *See In re Segal*, No. 10-16822 (Bankr. E.D. Pa. 2010), ECF No. 131. Three days later, Plaintiff filed the instant action, in which he raises three claims regarding a Consulting Agreement he entered into with Defendants back in 2008: (1) breach of contract; (2) fraud; and, (3) civil conspiracy.  As referenced above, this case was transferred back to Bankruptcy Court for a determination regarding whether the Consulting Agreement was properly reported to and considered by the Trustee in the underlying bankruptcy proceeding.

On November 6, 2013, the Trustee filed a 22-count adversary action in Bankruptcy Court, in which he alleged breach of contract, fraud, conspiracy, and other claims against Defendants herein (and others)  related to the nursing home sale and Consulting Agreement.  *In re Segal*, No. 10-16822 (Bankr. E.D. Pa. 2010), ECF No. 172.  On May 1, 2014, Bankruptcy Court Judge Stephen Raslavich issued an Opinion dismissing all counts of the Complaint as untimely.  *Holber v. Segal (In re Segal)*, 510 B.R. 753 (Bankr. E.D. Pa. 2014).  In so doing, Judge Raslavich noted his intention to hold the bankruptcy case open "for the time being so that the Trustee may consider the position he wishes to take, if any, here or in the District Court with respect to Segal's Consulting Agreement Claims." *Holber v. Segal (In re Segal)*, 510 B.R. 753, 770 (Bankr. E.D. Pa. 2014).

On October 2, 2014, the Trustee filed an Adversary Action in Bankruptcy Court, seeking a declaratory judgment that the monies owed to the Debtor under the Consulting Agreement were property of the Debtor's estate.  *In re Segal*, No. 10-16822, ECF No. 184.  The Honorable Stephen Raslavich granted judgment on this issue.  *Holber v. Segal (In re Segal)*, 532 B.R. 610

(Bankr. E.D. Pa. 2015).  Plaintiff herein appealed and at or about the same time, the Trustee filed a Motion to Intervene in Segal's action before this Court, to which Defendants filed a response in opposition thereto.  Because Judge Raslavich's rulings regarding the Consulting Agreement proceeds directly affected the manner in which the instant litigation would proceed, this case remained in suspense status pending a ruling on the bankruptcy appeal.

On  March 31, 2016, the Honorable Juan Sanchéz  affirmed the Bankruptcy Court's judgment, finding that "the unrebutted evidence . . . establishes the monies in question are not post-petition wages but proceeds from the pre-petition sale of Segal's largest asset." *Holber v. Segal (In re Segal)*, No. 15-1938, 2016 U.S. Dist. LEXIS 43251, at *2 (E.D. Pa. Mar. 31, 2016). In fact, Judge Sanchez specifically noted  that "[t]he . . .unrebutted evidence amply demonstrates that any monies owed to Segal under the Consulting Agreement *are proceeds of the sale of the Facilities*, not compensation for any post-petition services performed by him." *Id.* at *19 (emphasis added).

As a result of this holding, the Trustee filed a Renewed Motion to Intervene in Plaintiff's action before this Court.  Defendants filed a response in opposition thereto, as well as a second Motion to Dismiss on the basis of res judicata.  The Trustee subsequently filed a response in opposition to Defendants' Motion and the matter is now ripe for review.

**III.     Standard of Review**

Under 28 U.S.C. § 157(a), a District Court may refer any or all proceedings related to a case under Title 11 to the Bankruptcy Court for the District.  In the Eastern District of Pennsylvania, the referral of cases to the Bankruptcy Court is "governed by the Standing Order of Reference [dated July 25, 1984] . . . as amended November 8, 1990." *Nat'l Med. Imaging, LLC v. United States Bank, N.A.*, No. 14-2974, 2015 U.S. Dist. LEXIS 41380, at *13-14 (E.D.

3

Pa. 2015). This Standing Order provides that "any and all proceedings arising under Title 11 or arising in or related to a Chapter 7, 11, 12, or 13 case under Title 11 ***are and shall be*** referred to the Bankruptcy Judges for the district." Standing Order of Reference, E.D. Pa. (July 25, 1984), *amended* November 8, 1990 (emphasis added).

**IV. Discussion**

As referenced above, Plaintiff's Complaint in this matter contains claims of breach of contract, fraud, and civil conspiracy. Although the allegations contained in Plaintiff's Complaint regarding these claims directly relate to the Consulting Agreement, any proceeds stemming from the Consulting Agreement have already been determined to be proceeds of the 2008 sale of the nursing home facilities. Accordingly, any money potentially due to Plaintiff in relation to the Consulting Agreement is the property of his bankruptcy estate. *Holber v. Segal (In re Segal)*, No. 15-1938, 2016 U.S. Dist. LEXIS 43251, at *47 (E.D. Pa. Mar. 31, 2016). Inasmuch as Plaintiff's entire Complaint relates to alleged obligations under the Consulting Agreement that was tied to the sale of the nursing home, it is at the very least "related to" the underlying bankruptcy proceedings and shall be referred to the Bankruptcy Court. *See* 28 U.S.C. § 157(a); *see also Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1235 (3d Cir. 1994).[1]

---

[1] In light of the Bankruptcy Court's substantial involvement regarding issues presented in this case, this Court shall defer to the Honorable Stephen Raslavich regarding any determination as to whether or not the instant matter constitutes a "core" or "non-core" proceeding under 28 U.S.C. § 157. *See Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1235 (3d Cir. 1994) (noting that "related to" non-core proceedings may be referred to the Bankruptcy Court "pursuant to § 157(a) and the general order of reference."); *see also Goldstein v. Wilmington Sav. Fund Soc'y, FSB (In re Universal Mktg.)*, 541 B.R. 259, 305-06 (Bankr. E.D. Pa. 2015) (for non-core proceedings, "the bankruptcy court may not enter a final judgment, but may only submit proposed findings of fact and conclusions of law to the district court for de novo review.") (citing 28 U.S.C. §157(c); *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999)); *Halper v. Halper*, 164 F.3d 830, 837 (3d Cir. 1999) ("Non-core proceedings include the broader universe of all proceedings that are not core proceedings but are nevertheless 'related to' a bankruptcy case.").

This Court notes that in addition to being "related to" the underlying bankruptcy matter, "[r]eferral is also appropriate given the bankruptcy court's greater familiarity with the parties and the issues presented." *Steinman v. Spencer*, No. 96-3625, 1996 U.S. Dist. LEXIS 11760, at *2-3 (E.D. Pa. 1996). The Bankruptcy Court has presided over proceedings between the parties since the inception of Segal's bankruptcy petition in 2010.  Additionally, the Bankruptcy Court presided over subsequent issues regarding the same Consulting Agreement that is at the heart of the current litigation.  *See In re Segal*, No. 10-16822 (Bankr. E.D. Pa. 2010), ECF No. 112; *Holber v. Segal* (*In re Segal*), 532 B.R. 610, 612 (Bankr. E.D. Pa. 2015). Accordingly, this Court finds referral of the instant action to the Bankruptcy Court will best serve the interest of judicial efficiency.

**V.      Conclusion**

For the reasons set forth above, this proceeding shall be referred to the United States Bankruptcy Court for the Eastern District of Pennsylvania.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II      J.